UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:                                Case No. 12-66742-wsd
                                                 Chapter 7
LEVI PEOPLES,                                    Hon. Walter Shapero

      Debtor.
_____/

STUART A. GOLD,

      Plaintiff,

v.                                               Adv. Pro. 13-04506-wsd

MONIQUE LATRICE MOORE,

      Defendant.
_____/

## <u>OPINION GRANTING PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 20)</u>

    The Chapter 7 Trustee ("Plaintiff") filed against Monique Moore ("Defendant") a Motion

for Sanctions. In its April 15, 2015 Opinion relative to this and other matters, the Court granted

Plaintiff's request for monetary sanctions for "discovery delays and omissions that have

hampered Plaintiff's performance of his duties as trustee and otherwise delayed disposition of

this case, including necessitating an adjournment of trial." Dkt. 47 at 17. Pursuant to the

procedure set up by the Court's Opinion, Plaintiff filed a memorandum of his asserted attorney

fees and costs and Defendant filed an objection thereto. The Court will allow Plaintiff's requests

pursuant to Fed.R.Civ.P. 37(b)(2)(C), as made applicable here via Fed.R.Bankr.P. 7037. The

Court is not persuaded by Defendant's reliance on Fed.R.Civ.P. 37(c)(1)(A), which is

inapplicable, nor the assertion that Defendant's conduct was harmless. The Court will make

1

Plaintiff's fees and costs payable by Defendant only (and not also by Defendant's attorney) as the Court believes is appropriate under the totality of the circumstances.

Each of Plaintiff's asserted itemized costs are allowed, but with the following exceptions (for ease of reference, the Court has sequentially numbered the items on Plaintiff's list, Dkt. 48, Ex. A, from Item 1 to Item 27). Item 5 is disallowed in its entirety because the organization and preparation of exhibits is a normal requirement for any trial, and such would have had to be accomplished even absent Defendant's wrongful conduct. Item 6 is reduced from 4 hours to 1 hour because (a) the asserted 4 hours appears excessive; and (b) such references *revised* work, but there appears to be no entry for the *original* referenced work. Item 19 is reduced from 1 hour to 0.5 hours because it contains work for unrelated matters, namely review for documents provided by the Debtor, rather than the Defendant. Item 20 is reduced from 3 hours to 1 hour because it contains work for unrelated matters.

Subject to the foregoing, Plaintiff's Motion for Sanctions is granted. Plaintiff shall present pursuant to E.D. Mich. LBR 9021-1(a)(4) appropriate order(s) pursuant to this Opinion and the April 15, 2015 Opinion.


**Signed on June 16, 2015**

_____
    **/s/ Walter Shapero**
    **Walter Shapero**
    **United States Bankruptcy Judge**
